MICHAEL C. ORMSBY
United States Attorney
Eastern District of Washington
Russell E. Smoot
Assistant United States Attorney
Allyson Edwards
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone:  (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUN 2 8 2016

SEAN F. McAVOY, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

                              Plaintiff,

vs.

NICHOLE M. GOURNEAU,

                              Defendant.

15-CR-00144-SMJ-15

*Guilty Plea and Deferred
Prosecution Agreement*

Plaintiff, United States of America, by and through Michael C. Ormsby, United States Attorney, for the Eastern District of Washington, and Russell E. Smoot and Allyson Edwards, Assistant United States Attorneys for the Eastern District of Washington, and Defendant NICHOLE M. GOURNEAU and Defendant's counsel, Frank L. Cikutovich, agree to the following *Guilty Plea and Deferred Prosecution Agreement*:

1)    Guilty Plea and Maximum Statutory Penalties:

Defendant, NICHOLE M. GOURNEAU, agrees to plead guilty to Count 1 of the Indictment, filed on December 16, 2015, which charges Defendant with Conspiracy to Commit Bank Fraud, in violation of 18 U.S.C. §§ 1349, 1344. Defendant understands that this charge is a Class B Felony.  Defendant also

Guilty Plea and Deferred Prosecution Agreement - 1
Gourneau Plea Agreement

understands that the maximum statutory penalty for Conspiracy to Commit Bank Fraud, in violation of 18 U.S.C. §§ 1349, 1344, is not more than thirty (30) years imprisonment; a fine not to exceed $1,000,000 (or double the gross proceeds); a term of supervised release of not more than five (5) years; a term of probation of no longer than five (5) years; the payment of restitution; and a $100 special penalty assessment.

Defendant understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release, pursuant to 18 U.S.C. § 3583(e)(3), without credit for time previously served on post-release supervision.

2)    The Court is Not a Party to the Agreement:

The Court is not a party to this *Guilty Plea and Deferred Prosecution Agreement* and may accept or reject this Plea Agreement.  Defendant acknowledges that if she complies with the deferred prosecution agreement, the United States will move to dismiss the Indictment (15-CR-00144-SMJ-15).  If the Defendant breaches the deferred prosecution agreement or violates any of the terms and conditions of the deferred prosecution, the Indictment (15-CR-00144-SMJ-15) will *not* be dismissed and Defendant will *proceed to sentencing*.

Sentencing is a matter that is solely within the discretion of the Court. Defendant understands that the Court is under no obligation to accept any recommendations made by the United States and/or by Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any term of imprisonment it deems appropriate up to the statutory maximums stated in this *Guilty Plea and Deferred Prosecution Agreement*.

Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will impose in this matter. Defendant understands that the Court is required to consider the applicable sentencing

Guilty Plea and Deferred Prosecution Agreement - 2
Gourneau Plea Agreement

guideline range, but may depart upward or downward under the appropriate circumstances.

Defendant also understands that if this matter does proceed to sentencing and should the sentencing judge decide not to accept any of the parties' recommendations, that decision is not a basis for withdrawing from this *Guilty Plea and Deferred Prosecution Agreement* or a basis for withdrawing her plea of guilty. If however, the Defendant complies with the *Deferred Prosecution Agreement* and the Court does not grant the United States' motion to dismiss 2:15-CR- 00144-SMJ-15, the Defendant reserves the option to withdraw her guilty plea, and either proceed to trial or negotiate a resolution. The Defendant agrees to waive her right to Speedy Trial and any statute of limitations if she elects to withdraw her guilty plea in 2:15-CR-00144-SMJ-15.

3)    Waiver of Constitutional Rights:

Defendant understands that by entering this plea of guilty Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

a)    The right to a jury trial;

b)    The right to see, hear, and question the witnesses;

c)    The right to remain silent at trial;

d)    The right to testify at trial; and

e)    The right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if Defendant cannot afford to hire an attorney. Defendant also acknowledges that any pretrial motions currently pending before the Court are waived.

Guilty Plea and Deferred Prosecution Agreement - 3
Gourneau Plea Agreement

4)    Elements of the Offense:

The United States and Defendant agree that in order to convict Defendant of Conspiracy to Commit Bank Fraud, in violation of 18 U.S.C. §§ 1349, 1344, the United States would have to prove beyond a reasonable doubt the following elements:

*First*, beginning in or around October 2013, and continuing to or around November 2014, in the Eastern District of Washington, there was an agreement between Defendant and others to commit bank fraud, in violation of 18 U.S.C. § 1344, as charged in Count 1 of the Indictment; and

*Second*, Defendant became a member of the conspiracy, knowing of its object and intending to help accomplish it.

5)    Factual Basis and Statement of Facts:

The United States and Defendant stipulate and agree that the United States could prove the following facts beyond a reasonable doubt at trial even if Defendant was not aware of the full scope of the conspiracy; and that these facts constitute an adequate factual basis for NICHOLE M. GOURNEAU's guilty plea.  This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the guideline computation or sentencing, unless otherwise prohibited in this agreement.

a)    Background of the Conspiracy:

On or about October 15, 2013 and continuing until about November 3, 2014, Darin Dykhouse and Melissa Clark did conspire and agreed together to organize a counterfeit check cashing ring in Spokane, Washington.  The counterfeit checks were manufactured by Dykhouse using compromised bank account numbers from the following businesses: Treadtech, Acceleration Physical Therapy, Spokane Production Services, Inc., and Provisional Services. Some of the counterfeit checks were manufactured using the compromised account number from the following individual:

Guilty Plea and Deferred Prosecution Agreement - 4
Gourneau Plea Agreement

1  J.M.. The counterfeit checks appeared to be payroll checks and most of the
2  compromised account numbers were obtained from theft of U.S. Mail from rural
3  curbside residential mailboxes by Dykhouse, Clark, Haley and Kolle.

4      Investigation revealed that Dykhouse and Clark recruited co-defendants to
5  negotiate the counterfeit checks for them through their own bank accounts or through
6  another participant's account and the "check cashers" kept a portion of the proceeds or
7  received payment in the form of methamphetamine from Dykhouse, Clark, or Haley.
8  Dykhouse manufactured counterfeit checks that were negotiated by four (4) of
9  Defendants, Witherwax, Johnson, Beckham and Gourneau, using their own names and
10  state issued identifications.  Three (3) defendants, Witherwax, Millar and Terpstra
11  provided their bank account debit cards and Personal Identification Numbers (PIN) to
12  Dykhouse, Clark, Haley and Rhodes, allowing checks stolen from the mail to be
13  deposited into their accounts and fraudulent funds to be withdrawn.

14      Dykhouse, Broadnax, Beckham, Roberts and Kolle additionally negotiated
15  stolen personal checks from the mail which they altered to be made payable to
16  themselves.  Dykhouse and Clark obtained financial documents to include checks and
17  credit cards which were stolen from vehicles prowled by others and used the stolen
18  items or shared them with co-defendants to include Mickey.  Dykhouse opened online
19  credit and checking accounts in victim's names which he in turn intercepted in the US
20  Mail. The actual total loss in this investigation is $20,915.28 and the potential loss is
21  $25,296.78. Out of many incidents investigated, approximately 38 of the instances of
22  fraudulent activity were supported by significant evidence for indictment.

23      Dykhouse and Clark used a laptop computer and software to create the
24  counterfeit checks when valid account numbers were stolen, or in some instances
25  stolen personal checks were washed and forged.  Many of the counterfeit check
26  negotiations were captured on store security cameras, bank cameras and ATM
27  surveillance cameras.  When confronted with surveillance evidence, most of the check
28  Guilty Plea and Deferred Prosecution Agreement - 5

Gourneau Plea Agreement

1  runners admitted negotiating the fraudulent checks or giving their account information

2  over to be used by Dykhouse and Clark.

3        On September 8, 2014, a Nissan Sentra that had been reported stolen was

4  recovered, and it was full of clothes, purses, backpacks, identification documents from

5  numerous individuals and a Dell laptop computer, a printer and black check making

6  material.  Police also found an evidence tag for the computer indicating it had been

7  previously seized from Darin Dykhouse.  Investigators later recovered video footage

8  of Dykhouse picking up the laptop from police evidence on September 5, 2014, and he

9  was a passenger in a white Nissan Sentra.  On September 10, 2014, Dykhouse and

10  Clark were found squatting in a residence at 6001 N. Washington Street, and checks,

11  mail, and identification documents of dozens of individuals were recovered in the

12  residence and in bags belonging to Dykhouse and Clark. A stolen white van parked

13  behind the residence also contained mail, checks and a laptop computer that was

14  seized.

15        A state search warrant was obtained for the laptop recovered from the van and a

16  forensic examination was done.  A check creation program was recovered and search

17  hits were returned for many of the businesses on the counterfeit checks mentioned

18  above.

19           b) Defendant's Participation in the Conspiracy:

20        In or around July 2014, Dykhouse and his co-conspirators obtained the

21  information of a Bank of the West business bank account (no. 1721) held by the

22  *International Glace, Inc.* located at 1616 E. Lyons Avenue, Spokane, Washington.

23  Thereafter, Dykhouse and his co-conspirators falsely forged, created, or caused to be

24  created, Wells Fargo checks for their own use and benefit.  Dykhouse and his co-

25  conspirators utilized computer equipment and printers in order to create materially

26  fraudulent checks containing the unlawfully obtained bank account information.  The

27  materially fraudulent checks were manufactured by a co-conspirator using the bank

28  Guilty Plea and Deferred Prosecution Agreement - 6
Gourneau Plea Agreement

account numbers obtained by another conspirator from stolen U.S. Mail. In execution of the scheme, NICHOLE M. GOURNEAU negotiated a Bank of the West check for $1,200.00.

### July 14, 2014

On or around July 14, 2014, Dykhouse and Clark gave NICHOLE M. GOURNEAU a counterfeit check that they had printed using the Bank of the West account (no. 1721) information of *International Glace, Inc.* in order for NICHOLE M. GOURNEAU to fraudulently negotiate the check in the amount of $1,200.00. GOURNEAU signed over the check to her landlord, J.N., who agreed to deposit the check into his own Washington Trust bank account, deduct $700.00 that GOURNEAU owed in rent and give GOURNEAU the remaining balance of approximately $500.00 by writing her a personal check.

Bank of the West was a financial institution whose accounts were insured by the Federal Deposit Insurance Corporation ("FDIC").

### January 13, 2016

On January 13, 2016, following her arrest on this indictment, NICHOLE M. GOURNEAU was advised of her right to remain silent, waived that right and voluntarily made statements to USPS Inspector Shannon Saylor. GOURNEAU stated that Dykhouse and Clark had given her the *International Glace* check and offered to share the proceeds with her if she cashed it for them. GOURNEAU stated that she knew the check was fraudulent and that she kept the check for several days until her landlord came by and she offered to pay rent with the fraudulent *International Glace* check given to her by Dykhouse and Clark. She stated that she signed the check over to her landlord who deducted the amount of rent owed and wrote her a personal check for approximately $500.00 which she cashed at Northern Quest Casino in Airway Heights, Washington. She stated that she gambled the money away and never paid anything in return to Dykhouse and Clark.

Guilty Plea and Deferred Prosecution Agreement - 7
Gourneau Plea Agreement

6)    Waiver of Inadmissibility of Statements:

Defendant agrees to waive the inadmissibility of statements made in the course of plea discussions with the United States, pursuant to Fed. R. Crim. P. 11(f). This waiver shall apply if Defendant withdraws this guilty plea or breaches this Plea Agreement. Defendant acknowledges that any statements made by Defendant to law enforcement agents in the course of plea discussions in this case would be admissible against Defendant in the United States's case-in-chief if Defendant were to withdraw or breach this Plea Agreement.

7)    The United States Agrees:

a)    To Dismiss the Indictment (2:15-CR-00144-SMJ-15):

If, for a period of (18) eighteen months, commencing upon the date of the entry of Defendant's plea of guilty to Conspiracy to Commit Bank Fraud in violation of 18 U.S.C. §§ 1344, 1349, Defendant:

- Does not violate of any conditions of Pre-Trial Release imposed pursuant to ECF 106 during the 18-month deferred prosecution period;

- Is not charged with or convicted of any criminal offense whatsoever during the 18-month deferred prosecution period;

- Completes full payment of restitution in the amount of $1,200.00;

the United States agrees to move to dismiss the Indictment (2:15-CR-00144-SMJ-15) prior to sentencing. In addition to the present conditions of pre-trial release, Defendant agrees to random drug testing, not to exceed 6 times per month, and acknowledges that any positive urinalysis results or unexcused failures to appear for random urinalyses whatsoever during the 18-month deferred prosecution period will be considered presumptive violations. Defendant agrees to not request early termination of the 18-month Deferred Prosecution Agreement.

Guilty Plea and Deferred Prosecution Agreement - 8
Gourneau Plea Agreement

b)      Not to File Additional Charges:

The United States Attorney's Office for the Eastern District of Washington agrees not to bring any additional charges against Defendant based upon information in its possession at the time of this *Guilty Plea and Deferred Prosecution Agreement* and arising out of Defendant's conduct involving illegal activity charged in Indictment (2:15-CR-144-SMJ-15), unless Defendant breaches this *Guilty Plea and Deferred Prosecution Agreement* any time before or after sentencing.

8)      United States Sentencing Guideline Calculations:

Defendant understands and acknowledges that if she breaches or violates the conditions of this *Guilty Plea and Deferred Prosecution Agreement* the United States Sentencing Guidelines (hereinafter "U.S.S.G.") are applicable to this case and that the Court will determine Defendant's applicable sentencing guideline range at the time of sentencing.  Defendant also understands that pursuant to *United States v. Booker*, 543 U.S. 220 (2005), the Court is required to consider the factors set forth in 18 U.S.C. § 3553(a), and to impose a reasonable sentence.

a)      Base Offense Level:

The United States and Defendant agree that the base offense level for Conspiracy to Commit Bank Fraud, in violation of 18 U.S.C. §§ 1344, 1349 is 7.  See U.S.S.G. §2B1.1(a)(1).

b)      Specific Offense Characteristics:

The United States and Defendant further agree and stipulate that the amount of loss that was both in furtherance of the jointly undertaken activity and reasonably foreseeable in connection with that criminal activity, relevant to this Defendant is less than $5,000.   Therefore, there is no increase in the offense level pursuant to U.S.S.G. §2B1.1(b)(1).

c)    <u>Role in the Offense</u> :

The United States and Defendant further agree and stipulate that Defendant was not substantially less culpable that other similarly situated co-conspirators and that Defendant's relevant conduct has been considered in the calculation of loss. *See,* Paragraph 8(b), *supra*. Therefore, the United States and Defendant further agree and stipulate that Defendant is not eligible for a mitigating role reduction pursuant to U.S.S.G. §3B1.2.

d)    <u>Acceptance of Responsibility</u>:

If Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; does not commit any obstructive conduct; accepts this *Guilty Plea and Deferred Prosecution Agreement*; and enters a plea of guilty no later than June 28, 2016, the United States will recommend that Defendant receive a two (2) level downward adjustment for acceptance of responsibility, pursuant to U.S.S.G. §3E1.1(a).

Defendant and the United States agree that the United States may at its option and upon written notice to Defendant, not recommend a two (2) level downward reduction for acceptance of responsibility if, prior to the imposition of sentence, Defendant is charged or convicted of any criminal offense whatsoever or if Defendant tests positive for any controlled substance.

Furthermore, Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment, as a condition to this recommendation by the United States.

e)    Criminal History:

The United States and Defendant have made no agreement and make no representations as to the criminal history category, which shall be determined after the Presentence Investigative Report is completed.

9)    Incarceration:

If Defendant breaches or in any way violates the terms and conditions of this *Guilty Plea and Deferred Prosecution Agreement* and is sentenced on the Indictment (2:15-CR-00144-SMJ-15), the United States will recommend a sentence within the applicable guideline range as determined by the Court at sentencing. Defendant may request any reasonable sentence.

10)    Restitution:

If Defendant breaches or in any way violates the terms and conditions of this *Guilty Plea and Deferred Prosecution Agreement* and is sentenced on the Indictment, the United States and Defendant agree that restitution is mandatory in this case pursuant to 18 U.S.C. § 3663A. Defendant agrees that the amount of restitution as applies to her is approximately $1,200.00. The exact amount of restitution, however, will be determined at the time of sentencing.

11)    Criminal Fine:

If Defendant breaches or in any way violates the terms and conditions of this *Guilty Plea and Deferred Prosecution Agreement* and is sentenced on the Indictment, the United States and Defendant are free to make whatever recommendation concerning the imposition of a criminal fine that they believe is appropriate.

12)    Supervised Release:

If Defendant breaches or in any way violates the terms and conditions of this *Guilty Plea and Deferred Prosecution Agreement* and is sentenced on the Indictment, Defendant acknowledges that the United States will recommend that the Court impose

a three (3)-year term of supervised release to include the following special conditions, in addition to the standard conditions of supervised:

1) that Defendant, as directed by U.S. Probation, participate and complete such drug testing and drug treatment programs as the Probation Officer directs;

2) that Defendant's person, residence, office, vehicle, and belongings are subject to search at the direction of the Probation Officer;

3) that Defendant provide financial information and copies of federal income tax returns, and allow credit checks, at the direction of U.S. Probation;

4) that Defendant shall disclose all assets and liabilities over the amount of $500 to U.S. Probation and shall not transfer, sell, give away, or otherwise convey or secret any asset over the amount of $500, without the advance approval of U.S. Probation;

5) that Defendant be prohibited from incurring any new debt, opening new lines of credit, or enter any financial contracts or obligations over the amount of $500.00 without the prior approval of U.S. Probation; and

6) that Defendant participate and complete financial counseling and life skills programs at the direction of U.S. Probation.

Defendant will seek a shorter period of supervised release and reserves argument regarding release conditions.

13)   Mandatory Special Penalty Assessment:

Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013 and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

14)   Payments While Incarcerated:

If Defendant is sentenced to a period of incarceration and lacks the financial resources to pay the monetary obligations imposed by the Court, Defendant agrees to

Guilty Plea and Deferred Prosecution Agreement - 12
Gourneau Plea Agreement

earn the money to pay toward these obligations by participating in the Bureau of
Prisons' Inmate Financial Responsibility Program.

15)    Additional Violations of Law Can Void Plea Agreement:

Defendant and the United States agree that the United States may, at its option
and upon written notice to Defendant, withdraw from this *Guilty Plea and Deferred
Prosecution Agreement* or modify its recommendation for sentence if, prior to the
imposition of sentence, Defendant is charged or convicted of any criminal offense
whatsoever or if Defendant tests positive for any controlled substance.

16)    Appeal Rights:

In return for the concessions that the United States has made in this *Guilty Plea
and Deferred Prosecution Agreement*, Defendant agrees to waive the right to appeal
the conviction and sentence in the Indictment (2:15-CR-00144-SMJ-15) if the Court
imposes a prison term within or lower than the applicable sentencing guideline range
ultimately determined by the Court, imposes a term of supervised release of no longer
than three (3) years, imposes a fine not greater than $5,000, imposes a $100 penalty
assessment, and imposes an order of restitution in an the amount not greater than
$2,000.00.  Defendant further expressly waives his/her right to file any post-
conviction motion attacking his/her conviction and sentence, including a motion
pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel
based on information not now known by Defendant and which, in the exercise of due
diligence, could not be known by Defendant by the time the Court imposes the
sentence.  Should Defendant successfully move to withdraw from this *Guilty Plea and
Deferred Prosecution Agreement* or should Defendant's conviction on the Indictment
be dismissed, set aside, vacated, or reversed, this *Guilty Plea and Deferred
Prosecution Agreement* shall become null and void; the United States may move to
reinstate all counts of Indictment No. 2:15-CR-144-SMJ-15; and the United States
may prosecute Defendant on all available charges as well as additional charges based

Guilty Plea and Deferred Prosecution Agreement - 13
Gourneau Plea Agreement

on conduct known at the time of the entry of Defendant's guilty plea or conduct that occurred after the entry of the guilty plea. Nothing in this *Guilty Plea and Deferred Prosecution Agreement* shall preclude the United States from opposing any post-conviction motion for a reduction of sentence or other attack of the conviction or sentence, including, but not limited to, proceedings pursuant to 28 U.S.C. § 2255 (writ of habeas corpus).

18)   <u>Integration Clause</u>:

The United States and Defendant acknowledge that this document constitutes the entire *Guilty Plea and Deferred Prosecution Agreement* between the United States and Defendant, and no other promises, agreements, or conditions exist between the United States and Defendant concerning the resolution of the case. This *Guilty Plea and Deferred Prosecution Agreement* is binding only upon the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state or local authorities. The United States and Defendant agree that this agreement cannot be modified except in a writing that is signed by the United States and Defendant.

<u>Approvals and Signatures</u>

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

MICHAEL C. ORSMBY
United States Attorney

_____          6/28/16
Russell E. Smoot                   Date
Assistant U.S. Attorney

_____          6/28/16
Allyson Edwards                    Date
Allyson Edwards
Assistant U.S. Attorney

Guilty Plea and Deferred Prosecution Agreement - 14
Gourneau Plea Agreement

I have read this *Guilty Plea and Deferred Prosecution Agreement* and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this *Guilty Plea and Deferred Prosecution Agreement*. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this *Guilty Plea and Deferred Prosecution Agreement* and no one has threatened or forced me in any way to enter into this *Guilty Plea and Deferred Prosecution Agreement*. I am agreeing to plead guilty because I am guilty.

_____          6 - 28 - 16
NICHOLE M. GOURNEAU                         Date
Defendant

I have read the *Guilty Plea and Deferred Prosecution Agreement* and have discussed the contents of the agreement with my client. The *Guilty Plea and Deferred Prosecution Agreement* accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the *Guilty Plea and Deferred Prosecution Agreement*. There is no legal reason why the Court should not accept Defendant's plea of guilty.

_____          6 - 28 - 16
Frank L. Cikutovich                         Date
Attorney for Defendant

Guilty Plea and Deferred Prosecution Agreement - 15
Gourneau Plea Agreement